# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2010

No. 09-30313

Lyle W. Cayce
Clerk

IN RE: HIGH SULFUR CONTENT GASOLINE PRODUCTS LIABILITY
LITIGATION

-----------------------------------------------------------------------------------------------------------------

DANIEL E. BECNEL, JR.,

Appellant,

v.

FRANK A. SILVESTRI; JOHN P. MASSICOT; SILVESTRI & MASSICOT;
PETER D. DERBES; STEPHEN B. MURRAY; STEPHEN B. MURRAY, JR.;
MURRAY LAW FIRM; CARROLL FARMER; JOHN W. BARRETT;
RICHARD J. ARSENAULT; WALTER C. DUMAS; PATRICK E.
GERAGHTY; BEN BARNOW,

Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-MD-1632

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-30313

Daniel E. Becnel Jr. appeals from the district court's order dividing fees and costs between the attorneys involved in this class action. Becnel argues that the district court erred by failing to consider the factors prescribed by *Johnson v. Georgia Highway Express, Inc.*,[1] failing to hold an evidentiary hearing, and awarding fees to the attorneys who challenged the fee award in an earlier appeal. For the following reasons, we affirm.

**I**

In its order approving the class settlement agreement, the district court approved $6,875,000 in attorneys' fees, costs, and expenses, and appointed a fee committee to allocate the award between plaintiffs' counsel. The district court initially awarded Becnel over $400,000 in attorneys' fees and costs as a result of this process. On appeal, this court determined that the process used to allocate the awards was inadequate, and we vacated the order approving the allocation.[2]

On remand, the district court appointed a special master to consider the appropriate fee distribution. The court ordered all attorneys requesting fee and expense reimbursement to submit to the special master a sworn affidavit accompanied by a memorandum of law, which was not to exceed twenty-five pages, supporting the request and including a complete analysis of the *Johnson* factors.[3] Becnel submitted 185.5 hours to the special master.

---

[1] 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).

[2] *Silvestri v. Barrett (In re High Sulfur Content Gasoline Prods. Liab. Litig.)* (*High Sulfur I*), 517 F.3d 220 (5th Cir. 2008).

[3] *See Johnson*, 488 F.2d at 717-19 (establishing that a court must consider the following factors in awarding attorneys' fees: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the political "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and

No. 09-30313

Each attorney had an opportunity to review the submissions of the other attorneys, and counsel could submit additional memoranda discussing objections to the submissions of other counsel. The special master reviewed the attorneys' submissions and recommended the appropriate allocation of the attorneys' fees. The special master's report described the process he used to review the submissions and explained the basis for the recommended award to each individual attorney or firm.

After the special master issued his recommendation, the district court permitted attorneys to file objections, specifying that the objections were to be based on the *Johnson* factors. Becnel filed an objection. After hearing oral argument, the district court denied Becnel's objection, noting that "Becnel submitted 185 hours of attorney time in his application to the Special Master and the award reflects that time." After ruling on the other objections, the district court entered final judgment on the attorneys' fees. Becnel appeals his award of $138,128.29.

## II

We review the district court's award of attorneys' fees for abuse of discretion.[4] "To constitute an abuse of discretion, the district court's decision must be either premised on an application of the law that is erroneous, or on an assessment of the evidence that is clearly erroneous."[5] The record must "clearly indicate[] that the district court has utilized the *Johnson* framework as the basis

---

(12) awards in similar cases).

[4] *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 850 (5th Cir. 1998).

[5] *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 528 (5th Cir. 2000).

of its analysis, has not proceeded in a summary fashion, and has arrived at an amount that can be said to be just compensation."[6]

### III

Becnel argues that the district court's award is not consistent with the *Johnson* framework. The parties dispute whether Becnel has waived this argument by failing to raise such an objection below. However, assuming without deciding that Becnel raised this argument in the district court, we hold that the district court did not abuse its discretion in applying the *Johnson* factors.

The special master's report and recommendations lists the *Johnson* factors and states that the special master considered the factors in reaching his recommendation. The special master also explained his rationale in determining Becnel's recommended award, noting Becnel's experience and the extent to which he participated in the case. Becnel submitted fee entries totaling 185.5 attorney hours, but while Becnel asserted that he was contacted by thousands of class members after settlement and that he maintained contact with his clients throughout the litigation, Becnel did not include any fee entries for the time spent dealing with his clients and other class members. Because there were limited funds available to divide between the 33 firms involved in the class action, the special master's analysis necessarily included a comparison between Becnel's participation and that of other firms. The special master concluded, "While Daniel Becnel's work as Liaison Counsel was extremely valuable, his contribution to the class did not equal or surpass that of Co-Lead Counsel." Thus, "[b]ased on the level and extent of [Becnel's] activity," the special master awarded Becnel $135,900 in fees, as well as $7,633.80 for expenses.

---

[6] *High Sulfur I*, 517 F.3d at 227 (quoting *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 823 (5th Cir. 1996) (internal quotation marks omitted)).

The district court permitted Becnel to object to the recommended award and specified that the objection should be based on the *Johnson* factors. After hearing oral argument on Becnel's objection, the district court found that the special master's recommendation accurately reflected the 185 hours of attorney time Becnel submitted in his fee application. We agree. Thus, the record clearly indicates that the district court used the *Johnson* framework as the basis of its analysis, did not proceed in a summary fashion, and that Becnel's award "can be said to be just compensation."

## IV

Becnel also maintains that the district court erred by failing to hold an evidentiary hearing. A district court is not required to hold a hearing on a motion for attorneys' fees in a class action.[7] In this case, the district court declined to hold an evidentiary fee hearing because "the Court has nothing before it upon which to hold [a full evidentiary] hearing." The court determined that "Becnel submitted 185 hours of attorney time in his fee application and the Special Master's recommendation reflects that amount. Now is not the time to discuss the considerable other work that Becnel claims to have performed yet did not include in his fee application." Becnel contends that he was entitled to a full evidentiary hearing because submissions were limited to three pages. However, the record shows that he could have submitted a 25-page memorandum, and all other attorneys were able to submit their applications within the parameters established by the district court. Accordingly, we hold that the district court acted within its discretion when it declined to hold an evidentiary hearing.

## V

Becnel also asserts that it was clear error to award additional fees to the attorneys that challenged the initial awards in *High Sulfur I.* We disagree.

---

[7] *Id.* at 231; *see also* FED. R. CIV. P. 23(h).

No. 09-30313

Generally, attorneys are not awarded fees for appellate challenges in the fee application process.[8]  However, this does not apply when "the fee award is not being paid from a fund created for the benefit of plaintiffs."[9]  In the present case, the appellate-attorney fee award comes from a dedicated fund for legal costs; it does not diminish the plaintiffs' recovery.  Furthermore, the fee application process was meant to divide the dedicated fund fairly.  Because of the successful appeal in *High Sulphur I*, several nonparticipating lawyers received greater compensation.  It is well established that federal courts, through the exercise of their equity powers, may call upon a group that benefits from litigation efforts to share the costs of litigation, including attorneys' fees.[10]

## VI

The appellees argue that Becnel's appeal is frivolous and request the court to sanction Becnel.  While we decline to impose sanctions, we do note the poor quality of Becnel's brief in this case.  Becnel's brief is riddled with typos and grammar mistakes, and it does not contain even one citation to the record.  We admonish Becnel to take more care in drafting documents to be filed with the courts.

\*    \*    \*

Accordingly, the district court's judgment is AFFIRMED.

---

[8] *Mautner v. Hirsch*, 32 F.3d 37, 39 (2d Cir. 1994).

[9] *Id.*

[10] *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("Since the decisions in *Trustees v. Greenough*, 105 U.S. 527 (1882), and *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1885), this Court has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.").